**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN MOFFITT,<br><br>          Petitioner,<br><br>     v.<br><br>WEST VALLEY DETENTION CENTER,<br><br>          Respondent, | No. EDCV 08-1427-AHS(CW)<br><br>ORDER DISMISSING PETITION<br>FOR WRIT OF HABEAS CORPUS<br>(28 U.S.C. § 2254) |

    For reasons stated below, the petition is dismissed without prejudice.

## BACKGROUND

    When this petition for writ of habeas corpus was filed, on October 14, 2008, the pro se petitioner was in custody at the West Valley Detention Center of San Bernardino County, in Rancho Cucamonga, California.[1] The petition appeared to be defective on its face. Petitioner has since filed a long series of letters, none of which have rectified the defects in the original petition.

---

[1] He has since been transferred to Patton State Hospital.

1

1    In a minute order filed January 5, 2011 (docket no. 11), the
2 court found the petition subject to dismissal, on its face, for the
3 following reasons:
4    (a)  Petitioner appears to be in state custody, and to be
5         challenging the legality of that custody in a habeas
6         petition.  (If he seeks monetary damages, he is advised
7         that he cannot obtain such relief in a habeas action.)
8         However, he has not identified the nature of that
9         custody.  There are two statutes under which a person
10        may challenge the legality of state custody in a habeas
11        action in federal court.  A person in custody under a
12        state court judgment may proceed under 28 U.S.C.
13        § 2254; a person in state custody under some basis
14        other than a state court judgment may proceed under 28
15        U.S.C. § 2241.  See Stow v. Murashige, 389 F.3d 880,
16        886 (9th Cir. 2004); White v. Lambert, 370 F.3d 1002,
17        1006 (9th Cir. 2004); McNeely v. Blanas, 336 F.3d 822,
18        824 n.1 (9th Cir. 2003).  Because Petitioner has not
19        made clear the basis for his custody, it is not clear
20        whether this action falls under § 2254 or § 2241.
21   (b)  Petitioner has not established personal jurisdiction by
22        naming a proper respondent (normally a specific
23        official, such as a warden or director, with the power
24        to order Petitioner's release).  28 U.S.C. § 2242; 28
25        foll. § 2254, Rule 2.
26   (c)  Petitioner has not clearly stated a claim that he is in
27        custody in violation of the constitution, laws, or
28        treaties of the United States.  28 U.S.C. §§2241(c)(3),

|   |   |   |
|---|---|---|
| | | 2242, 2254(a). |
| | (d) | Petitioner has not shown that he has exhausted available state court remedies.  For § 2254 petitions the exhaustion requirement is defined at 28 U.S.C. § 2254(b)-(c).  For § 2241 petitions by persons in state custody there is a common law exhaustion requirement.  See, e.g., McNeeley, 336 F.3d at 825-26. |
| | (e) | It is not clear whether Petitioner is challenging simply his detention at the West Valley Detention Center (rather than the fact that he is in state custody in general).  If so, the petition would appear to be moot in light of his recent transfer to Patton State Hospital. |

[Docket no. 11.]

The court ordered Petitioner to show cause, on or before January 31, 2011, why the petition should not be summarily dismissed for the reasons stated above, with detailed instructions on how to correct the facial defects in the petition. [Id.]  The court also informed Petitioner that, if he could satisfy the stated conditions, the court would grant him leave to file an amended petition, but that, if he did not comply with the order to show cause, his action would be subject to dismissal for failure to prosecute, as well as for the reasons stated above.  Petitioner has not responded to the order to show cause, or otherwise communicated with the court, and the time allotted for doing so has expired.

**DISCUSSION**

It is well established that district courts have authority to dismiss actions for failure to prosecute or to comply with court

orders. Fed. R. Civ. P. 41(b); <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)(authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992)(district court may dismiss action for failure to comply with any court order).

In deciding whether to dismiss for failure to prosecute or to comply with court orders a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>Omstead</u>, 594 F.3d at (<u>quoting</u> <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)); <u>see also</u> <u>In re Eisen</u>, 31 F.3d 1447, 1451 (9th Cir. 1994)(failure to prosecute); <u>Ferdik</u>, 963 F.2d at 1260-61 (9th Cir. 1992)(failure to comply with court orders).

In the present action, the first two factors -- public interest in expeditious resolution of litigation and the court's need to manage its docket -- weigh in favor of dismissal. Petitioner has not responded to the court's order to show cause despite being warned of the consequences of such failure. This hinders the court's ability to move this case toward disposition, and suggests that Petitioner does not intend to litigate this action diligently.

The third factor -- prejudice to the opposing parties -- also weighs in favor of dismissal. A rebuttable presumption of prejudice arises when a petitioner unreasonably delays prosecution of an action. <u>See</u> <u>Eisen</u>, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

1    The fourth factor -- public policy in favor of deciding cases on
2 the merits -- ordinarily weighs against dismissal.  However, it is
3 Petitioner's responsibility to move towards disposition at a
4 reasonable pace, and avoid dilatory and evasive tactics.  See Morris
5 v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Petitioner has
6 not discharged this responsibility, despite having been instructed on
7 his responsibilities, granted sufficient time in which to discharge
8 them, and warned of the consequences of failure to do so.  In these
9 circumstances, the policy favoring resolution of disputes on the
10 merits does not outweigh Petitioner's failure to obey court orders or
11 to file responsive documents within the time granted.
12   The fifth factor -- availability of less drastic sanctions --
13 also weighs in favor of dismissal.  The court cannot move the case
14 toward disposition without Petitioner's compliance with court orders
15 or participation in this litigation.  Petitioner has shown that he is
16 either unwilling or unable to comply with court orders by filing
17 responsive documents or otherwise cooperating in prosecuting this
18 action.  Other possible sanctions for Petitioner's failures are not
19 appropriate with respect to a pro se litigant in custody.
20   Under these circumstances, dismissal for failure to prosecute is
21 appropriate.  Such a dismissal should not be entered unless a litigant
22 has been notified that dismissal is imminent.  See West Coast Theater
23 Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990).  Here,
24 however, Petitioner was clearly warned about the possibility of
25 dismissal in the court's order to show cause, and failed to respond.
26 Under the circumstances it appears that giving further warning would
27 be futile.
28

**ORDERS**

**IT IS THEREFORE ORDERED** as follows:

1. This petition for writ of habeas corpus is dismissed, without prejudice, for failure to prosecute.

2. The clerk shall enter judgment accordingly.

3. The clerk shall serve this order and the judgment herein on all parties or counsel.

DATE:  February 9, 2011

ALICEMARIE H. STOTLER
_____
ALICEMARIE H. STOTLER
United States District Judge

Presented by:

Dated:   February 7, 2011

_____
CARLA M. WOEHRLE
United States Magistrate Judge